# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DAVID LEE JOHNSON,

                Plaintiff,

v.

MILWAUKEE COUNTY,

                Defendant.

Case No. 12-CV-1148-JPS

**ORDER**

Final judgment was entered in this matter on August 26, 2015, granting summary judgment in Defendant's favor and dismissing this action with prejudice. (Docket #138). At that stage, Plaintiff had two viable claims, both under the Fourteenth Amendment (he was a pretrial detainee in the Milwaukee County Jail). (Docket #137 at 5). The first was for his placement in segregation as an alleged violation of due process. *Id.* at 5-8. The second was for being housed in a segregation cell without lights or running water. *Id.* at 9-10. As to the second claim, the Court concluded that Plaintiff failed to create a triable issue of fact as to any of the elements of *Monell* liability, which was the only vehicle for relief against Defendant. *Id.* At the time, Plaintiff proceeded *pro se*.

More than two years later, and now represented by counsel, Plaintiff has filed a motion for relief from the judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 60(b). (Docket #139). Plaintiff claims that since this case was dismissed, new evidence has arisen regarding the second, water deprivation claim. *Id.* at 4-6. Plaintiff cites only subparts (4) and (6) of

FRCP 60(b) in support of his motion. *Id.* at 4.[1] However, given his citation to allegedly new evidence, subpart (2) is also implicated. The relevant portions of the Rule read:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . .
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> . . .
> (4) the judgment is void;
> . . .
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b), (b)(2), (4), and (6).

Plaintiff is not entitled to FRCP 60(b) relief, which "is an extraordinary remedy and is granted only in exceptional circumstances."[2]

---

[1]Plaintiff's motion could certainly be clearer on this point. The relevant paragraph is as follows:

> The district court may grant Rule 60(b) relief in six specified circumstances; only two are relevant to this appeal: "(1) mistake, inadvertence, surprise, or excusable neglect," and "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). As applied in this case, this Court should employ the teachings of Rule 60(b) (4 & 6), as Mr. Johnson, who was *pro se* at all times relevant to this case, struggled to demonstrate a pattern of placing prisoners in cells without running water. (See, Order of 2015 attached as Exhibit B.).

(Docket #139 at 4). The first sentence of the paragraph is lifted verbatim from *Banks v. Chicago Board of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014), which explains the odd reference to "this appeal." Thus, the Court does not believe that the invocation of subparts (1) and (6) in that sentence is actually intended to come from Plaintiff. Instead, the second sentence is Plaintiff's own words and appears to be his true argument.

[2]Plaintiff did not offer a reply in support of his motion and the time to do so has expired. Civ. L.R. 7(c).

*Harrington v. City of Chicago*, 443 F.3d 542, 546 (7th Cir. 2006). An invocation of subpart (2), which Plaintiff's motion appears to be, must be made within a year of judgment, and we are far beyond that time. *See* Fed. R. Civ. P. 60(c)(1). Plaintiff does not, and could not, contend that the judgment is "void" in any manner as provided in subpart (4).

The catchall provision in subpart (6) does not save Plaintiff's motion for two reasons. First, subpart (6) may not be used to circumvent the time limitations placed on a request for relief more appropriately brought under subpart (2). *Wesco Prods. Co. v. Alloy Auto. Co.*, 880 F.2d 981, 983 (7th Cir. 1989) ("Inherent in the structure of Rule 60(b) is the principle that the first three clauses and the catchall clause are mutually exclusive. Thus, if the asserted grounds for relief fall within the terms of the first three clauses of Rule 60(b), relief under the catchall provision is not available. The rationale underlying this principle is that the one year time limit applicable to the first three clauses of Rule 60(b) would be meaningless if relief was also available under the catchall provision.") (citations omitted).

Second, Plaintiff seems to suggest that his prior *pro se* status is a "reason that justifies relief," claiming that he was denied "his day in court" because of his limited litigation abilities. (Docket #139 at 6-7). Plaintiff had his "day in court" inasmuch as his submissions received full, and in fact generous, consideration by the Court. *See generally* (Docket #137). Further, his decision to proceed *pro se* cannot be considered an exceptional circumstance; most of the Section 1983 litigants in this District do so without counsel. In fact, even as of today's date, the six-year statute of limitations applicable to Plaintiff's claims would still be open. If Plaintiff had desired to proceed with the assistance of retained counsel, he had ample

opportunity. He chose to sue immediately and will not be rewarded for a decision which appears imprudent in hindsight.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for relief from judgment (Docket #139) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of November, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge