# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| DAVID LEE JOHNSON,<br><br>       Plaintiff,<br>v.<br><br>MILWAUKEE COUNTY,<br><br>       Defendant. | Case No. 12-CV-1148-JPS<br><br>**ORDER** |

   On August 26, 2015, the Court dismissed this case with prejudice. (Docket #137 and #138). On September 29, 2017, Plaintiff, through counsel, filed a motion for relief from that judgment of dismissal. (Docket #139). That motion was denied on November 8, 2017. (Docket #144). On December 6, 2017, Plaintiff, without counsel's assistance, filed two motions. (Docket #145 and #146). There are a number of procedural defects in the motions. The first is unsigned, meaning that the Court cannot consider it. (Docket #145 at 2); Fed. R. Civ. P. 11(a). More importantly, this Court does not permit a party to litigate through both a lawyer and directly through their own filings (known as hybrid representation). Plaintiff's lawyer has not given any indication that he has, or will, withdraw from representing Plaintiff in this matter. Unless and until the Court is notified that his lawyer means to withdraw, Plaintiff must litigate only through his counsel.

   Even ignoring these issues, the motions must be denied on their merits. Each motion appears to be a motion for reconsideration of an order or judgment pursuant to Federal Rule of Civil Procedure 60(b) ("FRCP"). That Rule offers relief from a court's orders or judgments if a party can show "the narrow grounds of mistake, inadvertence, surprise, excusable

neglect, newly discovered evidence, voidness, or any other reason justifying relief from the operation of the judgment." *Tylon v. City of Chicago*, 97 F. App'x 680, 681 (7th Cir. 2004) (quotation omitted). Such relief "is an extraordinary remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 443 F.3d 542, 546 (7th Cir. 2006).

Both motions are so confused and incoherent that they border on nonsensical. As to the first, the Court is truly unable to understand what Plaintiff wants, other than possibly reopening the case and vacating its dismissal. (Docket #145). Plaintiff gives no cogent reason to do so, however. Plaintiff fails to address any of the specific FRCP 60(b) grounds for relief. *Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 667 (7th Cir. 2014) ("The district court does not abuse its discretion by denying a Rule 60(b) motion that is not based on one of the specified grounds for relief."); *Monzidelis v. World's Finest Chocolate, Inc.*, 92 F. App'x 349, 353 (7th Cir. 2004) (FRCP 60(b) motion denied because the movant "failed to even *argue* that mistake, excusable neglect, newly discovered evidence, fraud, or other exceptional circumstances had undermined the legitimacy of the prior judgment.") (emphasis in original).

Plaintiff's second motion is slightly more understandable. (Docket #146). He says that exceptional circumstances warrant vacating the Court's dismissal, arguably invoking FRCP 60(b)(6). *Id.* at 2. It is nevertheless difficult to follow his explanation of those circumstances. It seems that in 2013, while this case was still open, he gave certain documents relevant to this case to his criminal defense lawyer, and the documents were never returned to him. *Id.* at 2-3. He also references a letter from 2015 in which he complained of obstruction by prison staff which interfered with his ability to litigate. *Id.* at 3. The remainder of his statements relate to his criminal

conviction and it is not clear why those are relevant here. *Id.* at 2-3. In any event, the Court finds no exceptional circumstances which would merit reopening this case. As stated in the Court's November 8, 2017 order, Plaintiff chose to proceed *pro se* and cannot now complain that he regrets that decision. (Docket #144 at 3-4). Further, all of the issues cited in Plaintiff's motion arose years ago and should have been brought to the Court's attention at that time. For all of the reasons stated above, both of Plaintiff's motions must be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motions for reconsideration and relief from judgment (Docket #145 and #146) be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 8th day of December, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge